Juan Carlos PEREZ–GARCIA,
et al., Plaintiffs,

v.

PUERTO RICO PORTS AUTHORITY,
et al., Defendants,

v.

Kingfisher Air Services, Inc., et al.,
Third–Party Defendants.

Civil No. 08–1448 (GAG).

United States District Court,
D. Puerto Rico.

July 3, 2012.

Jose Luis Ubarri–Garcia, David W. Roman, Ubarri & Roman, San Juan, PR, for Plaintiffs.

Jaime F. Agrait–Llado, Agrait Llado Law Office, San Juan, PR, Jeffrey F. Clement, Hoff & Herran, Chicago, IL, James S. Usich, Law Firm James S. Usich, P.A., Palmetto Bay, FL, for Defendants.

### ORDER

GUSTAVO A. GELPÍ, District Judge.

Juan Carlos Perez–Garcia ("Plaintiff") filed the present action against Puerto Rico Ports Authority ("PRPA"), Caribbean Airport Facilities, Inc. ("CAF"), and their respective insurance companies,[1] for damages sustained when a golf cart fell from the second level at the San Juan International Airport ("SJU Airport"). (*See* Docket No. 388). Plaintiff was being transported to Kingfisher Air Services' ("KF") hangar facility at the SJU Airport on May 2, 2006, when the golf cart fell from a vertical reciprocating conveyor ("VRC") on the second floor to the first floor. After Plaintiff filed his complaint, CAF filed a third-party complaint against KF, KF's insurance company Antilles Insurance Company ("Antilles"), Club Car LLC ("Club Car") and Bayamon Golf Cars ("Bayamon Golf") seeking contribution and/or indemnity from these defendants in the event CAF Defendants were found liable in the original action.

The present matter involves four motions *in limine* filed by Club Car. The first motion seeks to exclude reference to or discussion of Club Car's Precedent model golf car ("Precedent"), particularly a Consumer Product Safety Commission recall notice (Docket No. 611). CAF opposed the motion (Docket No. 672), PRPA and KF joined that opposition (Docket Nos. 688 & 695). KF additionally filed a separate opposition (Docket No. 686). The second motion seeks to exclude all discussion of Precedent model golf cars (Docket No. 614). CAF opposed the motion (Docket No. 672), PRPA and KF joined that opposition (Docket Nos. 688 & 695). KF again filed a separate motion in opposition (Docket No. 689). The third motion seeks to exclude all evidence regarding the power drive system featuring regenerative braking in Precedent (Docket No. 645). CAF opposed said motion (Docket No. 672), PRPA and KF joined that opposition (Docket Nos. 688 & 695). In the fourth motion Club Car seeks to exclude still photographs taken from its safety video (Docket No. 650). CAF opposed the motion (Docket No. 672), PRPA and KF joined that opposition (Docket Nos. 688 & 695). For the following reasons, the court **GRANTS in part** and **DENIES in part** Club Car's motion to exclude the Consumer Product Safety Commission report regarding the Precedent model golf cars (Docket No. 611), **DENIES** Club Car's motion to exclude evidence of the Precedent models acceleration and braking systems (Docket No. 614), **DENIES** Club Car's motion to exclude power drive system featuring regenerative braking (Docket No. 645) and **DENIES** Club Car's motion to exclude the still photographs of Club Car's safety video (Docket No. 650).

### I. Legal Standard

Rule 402 of the Federal Rules of Evidence states, "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution, a federal statute, these rules; or other rules prescribed by the Supreme Court.

---

1. ACE Property and Casualty Insurance Company ("ACE") and Chartis Insurance Company—Puerto Rico ("Chartis")

Irrelevant evidence is not admissible." FED.R.EVID. 402. The test for relevant evidence is that, "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED.R.EVID. 401. Relevant evidence may be inadmissible because its probative value is outweighed by its unfair prejudicial value, confuses the issues or misleads the jury. *See* FED.R.EVID. 403. In conducting a Rule 403 analysis for being unfairly prejudicial, the court only seeks to avoid unfair prejudice, because all evidence is designed to be prejudicial in some capacity. *See U.S. v. Varoudakis,* 233 F.3d 113, 122 (1st Cir.2000).

Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." *See* FED.R.EVID. 801. Rule 802 bars hearsay testimony unless allowed by a federal statute, another Federal Rule of Evidence, or other rules prescribed by the Supreme Court. *See* FED.R.EVID. 802. Rule 803 provides for numerous exceptions to the general rule barring hearsay from being admitted into evidence. *See* FED.R.EVID. 803.

## II. Legal Analysis

### A. Consumer Product Safety Commission Report Regarding Precedent Model Golf Cars.

■ Club Car seeks to preclude evidence regarding the Precedent model, arguing that such evidence is not relevant, is unfairly prejudicial and constitutes hearsay. (*See* Docket No. 672 at 4.) Club Car argues the golf car at issue in the present case is a DS model golf car and reference to the Precedent model serves no purpose in this case. (*See id.*) CAF argues exclusion of all discussion of Precedent model golf cars is overly broad as it intends to use the Precedent model as an example of an alternative braking system Club Car could have used on its DS model cars. (*See* Docket No. 673 at 3.)

In analyzing Club Car's motion, the court notes Club Car seeks to preclude all discussion of the Precedent model, but supports such request by one Consumer Products Safety Commission recall letter and some deposition testimony. (*See* Docket No. 611.) The court will not bar any and all discussion of the Precedent model based on this evidence. The evidence is relevant as to whether an alternative braking system was feasible as demonstrated by the deposition testimony produced by Club Car. (*See* Docket No. 611 at 47.) The use of this evidence is not unfairly prejudicial to Club Car and can be elicited from witnesses at trial so as to not be hearsay.

■ However, the court will grant the exclusion of the Consumer Product Safety Commission's recall notice. This notice has the potential to be misleading to the jury and unfairly prejudicial to Club Car. The notice deals with an entirely different accelerating and braking system and discusses a defect in the accelerating system that allowed the accelerating pedal to become stuck. This issue does not seem to have a place in the current litigation. This evidence can be used to demonstrate the feasibility of an alternative braking system, but the recall notice dated July 5, 2005 cannot be used as evidence of such. Therefore, the court **GRANTS in part** and **DENIES in part** Club Car's motion at Docket No. 611.

### B. Discussion of Precedent Model Golf Car's Acceleration and Brake System

■ In the next motion, Club Car seeks to exclude similar evidence, but for a different reason. Club Car asserts that any

discussion of the acceleration or brake system of the Precedent model golf car is not relevant, unfairly prejudicial and barred by Rule 407. As the court previously held this evidence is relevant and not unfairly prejudicial, therefore the court shall only discuss the Rule 407 argument.

Rule 407 bars evidence of subsequent remedial measures "that would have made an earlier injury or harm less likely to occur." *See* FED.R.EVID. 407. This evidence cannot be used to prove negligence, culpable conduct, a defect in the product or design, or a need for a warning, but can be used for any other purpose. *See id.*

Club Car's motion makes it clear Rule 407 does not bar this evidence from trial. Club Car states the differences between the systems used in the DS models and the Precedent models were due to "technology, and normal improvement in design." (*See* Docket No. 614.) Hence, the design was not a remedial measure attempting to make a product more safe or less dangerous. Rule 407 cannot be invoked in order to exclude all testimony of technical advances. Accordingly, the court **DENIES** Club Car's motion at Docket No. 614.

### C. Evidence of Power Drive System Featuring Regenerative Braking

In the motion at Docket No. 645, Club Car seeks to bar all evidence and discussion regarding the power drive system featuring regenerative braking found in other models of Club Car's golf car. Club Car's arguments are similar to those of the previous two motions, with the additional argument that no experts have been designated to discuss this particular braking system. (*See* Docket No. 645 at 3.) For the reasons stated above, the court **DENIES** Club Car's motion to exclude all evidence of this type of braking system. However, the court notes it is not currently ruling on any objection that may be made during trial as to whether the testi-

mony of any expert exceeds the scope of the testimony listed in the pre-trial report.

### D. Still Images of Club Car's Safety Video

■ In its motion at Docket No. 650, Club Car seeks exclusion of still images from Club Car's safety video because these images show accessories, such as a hand parking brake, that may be purchased for other types of vehicles sold by Club Car. (*See* Docket No. 650 at 3.) Club Car argues that the hand brake accessory is not available for golf cars and is not relevant to the instant case because the vehicles for which this accessory is available are substantially dissimilar to the DS model golf car in question. (*See id.*) CAF argues that while the nature of the vehicles may not be similar, the braking systems are similar and therefore makes this evidence relevant to this case. (*See* Docket No. 672.)

Given the rationale of the previous rulings the court finds this evidence is admissible. Club Car will have the ability to controvert any assertion that such a hand brake is feasible for a golf car and may vigorously cross-examine any witness testifying to such an assertion. However, the evidence is relevant based on Justin Brehm's testimony that the braking systems between these two different types of vehicles are similar. Therefore, the court **DENIES** Club Car's motion to exclude evidence of Club Car's safety video at Docket No. 650.

### III. Conclusion

For the following reasons, the court **GRANTS in part** and **DENIES in part** Club Car's motion to exclude the Consumer Product Safety Commission report regarding the Precedent model golf cars (Docket No. 611), **DENIES** Club Car's motion to exclude evidence of the Precedent models acceleration and braking sys-

tem (Docket No. 614), **DENIES** Club Car's motion to exclude the power drive system featuring regenerative braking (Docket No. 645) and **DENIES** Club Car's motion to exclude the still images of Club Car's safety video (Docket No. 650).

   **SO ORDERED.**